**In re Rand D. MARSHALL, Debtor.**

**Cass E. MULFORD, individually and d/b/a Madison Lumber & Block Company, Plaintiff,**

v.

**Rand D. MARSHALL, Defendant.**

**Bankruptcy No. 84–00039.**
**Adv.Pro. No. 86–0020.**

United States Bankruptcy Court,
N.D. New York.

March 25, 1987.

Kiley, Feldmann, Whalen, Devine & Patane, P.C., Canastota, N.Y. (John A. Nasto, Jr., of counsel).

Rand D. Marshall, pro se.

---

6. In re *Furimsky,* 40 B.R. 350 (Bankr.D.Arizona 1984); *In re DeRosa,* 20 B.R. 307 (Bankr.S.D.N. Y.1982).

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DENYING DISCHARGE

STEPHEN D. GERLING, Bankruptcy Judge.

Cass E. Mulford ("Plaintiff") has commenced this adversary proceeding objecting to the discharge of Rand D. Marshall ("Debtor") pursuant to Fed.R.Bank.Pro. 7001. The Court has jurisdiction pursuant to 28 U.S.C. § 1334, and 28 U.S.C. § 157(a) and (b)(2)(J). A hearing was held on November 17, 1986, with each party afforded an opportunity to present evidence and cross examine.

The Court's review of the bankruptcy records of the Northern District of New York reveal that Rand D. Marshall filed a petition seeking Chapter 7 relief under the Bankruptcy Code, 11 U.S.C. §§ 101–151326 ("Code") on January 13, 1982. Debtor received a discharge in this case on March 23, 1982, and the case was closed on June 22, 1982 (Case No. 82–00058).

On November 16, 1983, Debtor filed a petition seeking Chapter 13 relief under the Code. This case was dismissed on January 9, 1984, and closed on January 24, 1984 (Case No. 83–01196).

On January 16, 1984, Debtor filed a second Chapter 13 petition; this case was voluntarily converted to the present Chapter 7 case on November 20, 1985 (Case No. 84–00039).

On June 17, 1986, Debtor filed a petition seeking Chapter 11 relief. This case was dismissed on August 27, 1986, and closed on October 28, 1986 (Case No. 86–00748).

Plaintiff's complaint, filed January 30, 1986 alleges two grounds as a basis for denying discharge. First, Debtor is not eligible for discharge as he was granted a discharge less than six years prior to the commencement of his present case. Second, Debtor has, during the course of this case, consistently attempted to hinder, delay and defraud his creditors, and has knowingly and fraudulently given false testimony. As Plaintiff's first ground is dispositive of this proceeding, consideration of the second set of allegations is not made at this time.

Code § 727 provides in relevant part: (a) The court shall grant the debtor a discharge, unless—

.     .     .     .     .

(8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371 or 476 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition; ...

This section was enacted by Congress without change from the old Bankruptcy Act with respect to straight bankruptcy. H.R. Rep. No. 595, 98th Cong., 1st Sess. 385 (1977) *reprinted in* 1978 U.S.Code Cong & Ad.News 5963, 6341; S.Rep. No. 989, 98th Cong. 2d Sess. 99 (1978) *reprinted-in* 1978 U.S.Code Cong. & Ad.News, 5787, 5885. "The purpose of the section is to prevent overly frequent use of liquidation as a means of avoiding debt." King, 4 Collier on Bankruptcy, ¶ 727.11, 727–83, 84 (15th ed. 1986).

The six year period referenced begins to run as of the date the first case is commenced,[1] and ends as of the date subsequent case is filed. In the present case, the relevant dates are January 13, 1982 and January 16, 1984, as Debtor's conversion to a Chapter 7 case on November 20, 1985 does not effect a change in the date of the filing of his case. Code § 348(a). As the Debtor has previously been granted a discharge within the six years preceeding the filing of his present case, and as Plaintiff has properly and timely objected to his discharge,

IT IS ORDERED:

1. Debtor Rand D. Marshall is denied a discharge in his pending Chapter 7 case, (Case No. 84–00039).

---

**1.** Code § 301 provides that a voluntary case is "commenced" by the filing of a petition under a chapter by an entity that may be a debtor under such chapter.