**In re Charles D. BURRELL,**
**Pro Se Debtor.**

**Bankruptcy No. 91–34517.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Dec. 11, 1992.

---

See also 150 B.R. 369.

Charles D. Burrell, pro se.

James J. O'Connell, III, Richmond, VA, for Ervin G. Letterlough.

Gregg R. Nivala, Office of the U.S. Trustee, Richmond, VA.

Harry Shaia, Jr., Richmond, VA, Chapter 7 Trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This converted chapter 7 case comes before the court on this court's order for the debtor to show cause why he should not be denied a discharge pursuant to 11 U.S.C. § 727(a)(8) because he had previously received a chapter 7 discharge in a case filed within six years of the present case. The issue was raised by the court, sua sponte. Hearing on the show cause was held on November 18, 1992, and the matter was taken under advisement. For the reasons stated in this opinion the court will deny the debtor a discharge pursuant to 11 U.S.C. § 727(a)(8) and 11 U.S.C. § 105(a).

### Facts

Pro se debtor Charles Burrell received a chapter 7 discharge in a case commenced on June 13, 1986. Debtor filed his current bankruptcy case as a chapter 13 on October 21, 1991, and moved to convert it to chapter 7 on June 3, 1992. The case was converted to chapter 7 on June 9, 1992.

### Debtor's Position

Apparently debtor wanted to have the present case converted to chapter 7 after

June 13, 1992 (the six year anniversary of his last chapter 7 case), believing this would qualify him for another chapter 7 discharge. However, debtor asserts the clerk's office disobeyed his instructions and converted the case too soon. Accordingly, debtor argues he should not be denied a chapter 7 discharge in this bankruptcy case. He has made no substantive argument contesting the rationale of the court's show cause order.

### Discussion and Conclusions of Law

The issue before the court is whether debtor is entitled to a chapter 7 discharge in light of 11 U.S.C. § 727(a)(8) which states in pertinent part:

(a) The court shall grant the debtor a discharge, unless— ... (8) the debtor has been granted a discharge under this section ... in a case commenced within six years before *the date of the filing of the petition;*

11 U.S.C. § 727(a)(8) (emphasis added).

[1] The purpose of this section is to prevent overly frequent use of liquidation as a means of avoiding debt. *Madison Lumber & Block Company v. Rand D. Marshall (In re Marshall),* 74 B.R. 185, 186 (Bankr.N.D.N.Y.1987) (citing 4 Lawrence P. King, Collier on Bankruptcy, ¶ 727.11, ¶ 727–83, 84 (15th ed. 1986)).

■ The statute is clear that the date on which the six year period begins to run is the commencement date of the previous chapter 7 case. *See Michael Antonio Canganelli v. Lake County Indiana Department of Public Welfare (In re Canganelli),* 132 B.R. 369, 378 (Bankr.N.D.Ind. 1991). In this case the beginning date is June 13, 1986, and debtor has not argued otherwise.

■ The second part of the issue is whether the date which concludes the six year period is the initial filing date of debtor's present case or the date the case was converted to chapter 7. Although both

dates are within the six year period barring a subsequent chapter 7 discharge (October 21, 1991 and June 9, 1992), debtor asserts that if the appropriate date is the date of conversion he should be entitled to a discharge nonetheless because the clerk's office erred in converting his case too soon and contrary to an instruction contained in his motion to convert.

The bankruptcy code and applicable case law is quite clear that the date of the original filing and not the date of conversion is the date which concludes the six year period barring a subsequent chapter 7 discharge. 11 U.S.C. § 348(a)[1]; *see e.g., Michael Antonio Canganelli v. Lake County Indiana Department of Public Welfare (In re Canganelli),* 132 B.R. 369, 380 (Bankr.N.D.Ind.1991); *In re Marshall,* 74 B.R. at 186. Application of § 348(a) mandates that the "date of filing" the original chapter 13 petition controls. Therefore, since debtor filed his chapter 13 petition on October 21, 1991, this court holds that debtor is not entitled to a another chapter 7 discharge in this case. Debtor's current bankruptcy petition was filed within six years from the commencement of debtor's previous chapter 7 case (June 13, 1986) in which he received a discharge. As such, 11 U.S.C. § 727(a)(8) prevents the debtor from receiving a discharge.

■ Finally, I believe my decision to act, sua sponte, in this matter is warranted under 11 U.S.C. § 105(a) which states in pertinent part:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action necessary or appropriate to ... *prevent an abuse of process.*

11 U.S.C. § 105(a) (emphasis added).

In this regard I respectfully disagree with Chief Judge Kent Lindquist's opinion

---

1. 11 U.S.C. § 348 states in pertinent part:
(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in *the date of the filing of the petition, the commencement of the case,* or the order for relief.

in *In re Canganelli*, 132 B.R. at 383–85. Chief Judge·Lindquist interpreted Bankruptcy Rule 4004 and 11 U.S.C. § 727(c)(1) as precluding the bankruptcy court from sua sponte denying a debtor a discharge under 727(a)(8) irrespective of the court's equitable powers under § 105.

Bankruptcy Rule 4004 places a strict 60 time limit upon the filing of a complaint objecting to a general discharge under § 727(a). Section 727(c)(1) states that "the trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section." 11 U.S.C. § 727(c)(1). Chief Judge Lindquist concluded that the bankruptcy court is bound by these provisions and is thereby precluded from acting sua sponte to deny a debtor a discharge under § 727(a)(8). *Id.* at 383–84. When referring to the court's equitable powers under § 105, Chief Judge Lindquist stated:

> § 105 speaks in terms of the power of the Court in carrying out or enforcing Court orders or rules or preventing abuse of process, and not to enforcing sua sponte the substantive rights which otherwise belong to the creditors, the trustee or the United States.

*In re Canganelli*, 132 B.R. at 384.

■ However, the preceding analysis ignores the clear mandate of § 727(a) which directs the court to grant a discharge *unless* the debtor has been granted a discharge under this section in a case commenced within six years of the filing date of the current petition. Although I do not disagree with Chief Judge Lindquist's general assertion that the bankruptcy court should avoid assuming the role of advocate, I believe in rare circumstances the court may act, sua sponte, to deny a debtor a discharge under § 727(a)(8) in the interest of justice to "prevent an abuse of process." 11 U.S.C. § 105(a). This is such an extraordinary case.

Pro se debtor Burrell's improper use of the bankruptcy system has been nothing short of "an abuse of process." In a memorandum opinion dated October 26, 1992, this court denied Burrell in forma pauperis status due to his "utter lack of good faith" with regards to his numerous frivolous appeals from the orders of this court. Throughout the long and protracted history of this case it has become overwhelmingly clear to the court that Burrell's sole purpose for filing bankruptcy was to harass, hinder, frustrate, and delay the actions of a creditor, Ervin G. Letterlough.

Burrell's bankruptcy case has revolved around one asset: a dump truck owned by Ervin G. Letterlough. Prepetition, Letterlough attempted to sell the dump truck to Burrell pursuant to a written contract. After receiving possession of the dump truck Burrell never paid any part of the purchase price called for under the contract. In fact, Burrell converted the truck by removing the engine and placing it in the body of another truck frame.

Letterlough filed suit against Burrell, obtained a judgment, and had the sheriff seize the truck pursuant to a writ of execution. Moreover, the state court found that Burrell committed fraud upon Letterlough and awarded attorney's fees and costs.

Subsequently, Burrell filed the instant bankruptcy case, initially as a chapter 13. After a series of chapter 13 plans could not be confirmed pursuant to well taken objections of the trustee and Letterlough, Burrell moved to convert to chapter 7 on the eve of the sixth year anniversary of the commencement of his previous chapter 7 case.

While Mr. Burrell was in chapter 13, this court went to some lengths to accord him every opportunity to propose a confirmable plan, notwithstanding numerous instances of his failing to comply with chapter 13 procedures and the rules. Burrell's noncompliance required the court on at least three instances to order his case reinstated from imminent dismissal. The court's last reinstatement order was entered on May 29, 1992. Burrell filed his motion to convert to chapter 7 on June 3, 1992; on that date there was pending a motion by the chapter 13 trustee to dismiss the case because of Burrell's failure to make plan payments as required by 11 U.S.C. § 1307(c)(6).

In his motion to convert to chapter 7 Burrell stated that he believed he would be authorized by statute to file a chapter 7 as of June 13, 1992. The case was converted on June 9, 1992, and the chapter 7 trustee filed a no asset report within 30 days from when he was appointed.

A review of Burrell's case file reveals rather clearly that throughout his chapter 13 he was merely biding his time until he reached what he believed was the magic date of June 13, 1992, when he could safely convert. He never proposed a confirmable plan, and it is unlikely that he could have.

During the course of this case, which is now over one year old, Burrell has amassed an enormous case file with multiple contested matters and adversary proceedings. Most of the documents filed by Burrell have been spurious, frivolous, incomprehensible, or not otherwise in accordance with the Bankruptcy Rules. At one point Burrell filed a frivolous complaint against Letterlough's attorney and the sheriff's office, which prompted Rule 11 sanctions from this court. That ruling was affirmed by the district court on appeal.

In short, if any case ever involved such rare circumstances that would warrant the bankruptcy court's sua sponte denial of a debtor's discharge under 727(a)(8) to "prevent an abuse of process," this is such a case. Inaction by the court in such a case would undermine the integrity of the bankruptcy system.

Accordingly, the court will enter an order providing that no order of discharge will be entered in this case.