**In re Alvin LYONS, Debtor.**

**Charles W. RISKE, Trustee, Plaintiff,**

**v.**

**Alvin LYONS, Defendant.**

**Bankruptcy No. 91–45898–399.**
**Adv. No. 93–4531.**

United States Bankruptcy Court,
E.D. Missouri.

Dec. 22, 1993.

Charles H. Huber, St. Ann, MO, for debtor.

Charles R. Riske, Chapter 7 Trustee, St. Louis, MO.

## MEMORANDUM OPINION AND ORDER
BARRY S. SCHERMER, Chief Judge.

### INTRODUCTION

This case came before the Court on Trustee, Charles W. Riske's, Complaint to Deny Discharge. This opinion addresses the issue of whether a debtor in a Chapter 7 case converted from a case filed under Chapter 13, may obtain a discharge when the debtor previously obtained a Chapter 7 discharge within six years from the date of filing of his Chapter 13 case.

### JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. The parties have stipulated that this is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(J).

## FACTS

The facts in this case are straight-forward and not in dispute. On March 20, 1987, Alvin Lyons, (the "Debtor") filed for relief under Chapter 7 (the "1987 case") of the Bankruptcy Code. 11 U.S.C. § 101 *et seq.* (the "Code"). The Debtor later received a discharge in the 1987 case.

On September 18, 1991, Debtor filed for Chapter 13 relief (the "1991 case") and proceeded in the Chapter 13 plan until August 18, 1993, when the Chapter 13 was converted to a Chapter 7 case. Charles W. Riske was appointed Trustee (the "Trustee") in the converted Chapter 7 case and he now brings this Complaint seeking to deny discharge.

The Trustee contends that § 727(a)(8) of the Code prevents the Debtor from obtaining a discharge. Section 727(a)(8) acts to deny a Chapter 7 discharge to any debtor who previously received a discharge in a Chapter 7 case that was *commenced within six years* before the date that the petition was filed in the present case. § 727(a)(8) (emphasis added). As the Debtor received a discharge in the 1987 case, the Trustee asserts that the Debtor should be denied a discharge in this converted Chapter 7 case because it was commenced, by virtue of the filing of the Chapter 13 petition, within six years from the filing of the 1987 case. Simply, the Trustee contends that the date of filing the Chapter 13 petition controls the calculation of the six year period addressed in § 727(a)(8).

The Debtor calculates the six year period differently. Under the Debtor's analysis, the six year period should be calculated from the date of conversion to Chapter 7, not the date of the Chapter 13 filing. Debtor argues that § 727(a)(8) would not apply because the date of filing the 1987 case was more than six years before the date of conversion in this case.

## DISCUSSION

The Trustee argues that § 348(a) is dispositive of this issue. Section 348(a) provides:

Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsection (b) and (c) of this section, *does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.*[1] § 348(a) (emphasis added).

As the date of filing the 1991 case would, under § 348(a), be the date of the Chapter 13 filing, the six year prohibition of § 727(a)(8) would apply to this case.

As support for the contention that § 348(a) controls, the Trustee points to *Resendez v. Linquist,* 691 F.2d 397 (8th Cir.1982) and *In re Canganelli,* 132 B.R. 369 (Bankr.N.D.Ind. 1991). In the *Resendez* case, the Eighth Circuit Court of Appeals recognized § 348(a) in the context of a Chapter 13 converted to a Chapter 7. In holding that Chapter 13 plan payments held by the Chapter 13 Trustee were, upon conversion, part of the Chapter 7 estate, the Circuit Court wrote: "[i]t is also established that when there is a conversion, the debtors are deemed to have filed a Chapter 7 case at the time the Chapter 13 case was filed." 691 F.2d at 398–399 *citing in part* § 348(a).

In the *Canganelli* case, the court examined the exact same issue involved in this case. Reviewing the applicability of § 348(a) to an analogous set of facts, the court wrote: "since the Plaintiff filed his Chapter 13 petition on July 8, 1988, the Debtor was not entitled to a discharge because the petition of the Debtor in the case in which he received his discharge was filed within six years...." 132 B.R. at 380. Other courts that have heard this identical issue all apply the plain meaning of § 348(a) and hold that the date of filing the Chapter 13 controls over the date of conversion for the purposes of measuring § 727(a)(8). *See In re Burrell,* 148 B.R. 820 (Bankr.E.D.Va.1992); *In re Marshall,* 74 B.R. 185 (Bankr.N.D.N.Y.1987).

In his Suggestions in Support of Answer and at the hearing on this matter, Debtor

---

**1.** The exceptions noted in § 348(a), namely, subsection (b) and (c) do not apply to the facts in this case and are not an issue.

was unable to cite any direct authority for his contention that the date of conversion should be the operative date. Rather, the Debtor argues that the plain meaning of § 348(a) does not give the complete answer. Debtor points to the apparent tension between §§ 522 and 348 with regard to determining the effective date for exempt property and cites *In re Lindberg*, 735 F.2d 1087 (8th Cir.1984), as support. Debtor argues that *Lindberg* should apply by analogy.

This Court is not persuaded by the Debtor's argument. While the Court understands Debtor's argument with regard to the *Lindberg* decision, that case concerned the proper date for determining exempt property and not the applicability of § 727(a)(8). Furthermore, this Court cannot find any case in which there is any tension between § 348(a) and § 727(a)(8).

## CONCLUSION

In light of the *Resendez* decision by the Eighth Circuit and the unwavering line of cases applying the plain language of § 348(a) to this exact situation, this Court holds that the date of filing the Chapter 13 is the proper measuring date for § 727(a)(8) when a case is converted from Chapter 13 to Chapter 7. Accordingly, for the reasons stated above,

IT IS ORDERED that the Trustee's Complaint seeking to deny discharge under § 727(a)(8) will be GRANTED.