**In re Stephen A. HIATT, Marilyn S. Hiatt, Debtors.**

No. 02–36073.

United States Bankruptcy Court, S.D. Ohio, Western Division.

July 21, 2004.

that Aurion received.

verted to a chapter 7 case. As a result of the Debtors' prior chapter 7 case, it appeared the Debtors were not entitled to a chapter 7 discharge in this present case. The court, *sua sponte,* issued an Order (Doc. 81) fixing a time in which counsel for the Debtors could file a memorandum to support the grant of a chapter 7 discharge to the Debtors and prevent the dismissal of this present case. No memorandum was filed. The court determines the Debtors are not entitled to a chapter 7 discharge [11 U.S.C. § 727(a)(8)] and this present case must be dismissed [11 U.S.C. § 707(a)].

Charles B. Fox, Dayton, OH, for Debtors.

Paul Spaeth, Dayton, OH, Chapter 7 Trustee.

## DECISION ON ORDER DENYING DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(8) AND DISMISSING CASE

THOMAS F. WALDRON, Bankruptcy Judge.

### Background

The court writes to address a recurring problem that should not occur in an era when technology has made information concerning a bankruptcy filing available, literally twenty-four/seven. The records of the Clerk establish the Debtors in this chapter 7 case, 02–36073 (the "present case"), had, on August 1, 1997, filed a chapter 7 case, 97–34330 (the "prior case") and had received a chapter 7 discharge in that prior case on November 18, 1997. This present chapter 7 case was initially filed as a chapter 13 case on August 16, 2002 and was, on December 30, 2003, con-

### Issues Presented

Are the Debtors entitled to a discharge in this present chapter 7 case, since they commenced a prior chapter 7 case, in which they were granted a discharge, within 6 years before the date they commenced this present chapter 7 case and, as a result, must this present case be dismissed?

### Law

11 U.S.C. § 301 states that:

A voluntary case under a chapter of this title is *commenced by the filing with the bankruptcy court of a petition* under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter. (emphasis added)

11 U.S.C. § 348(a) states that:

Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section,[1] does not effect a change in

---

1. The enumerated exceptions of subsections (b) and (c) do not include 11 U.S.C.

the date of the filing of the petition, *the commencement of the case,* or the order for relief. (emphasis added)

11 U.S.C. § 727(a)(8) states that:

The court shall grant the debtor a discharge, unless—

\*    \*    \*    \*    \*    \*

the debtor has been granted a discharge under this section ... *in a case commenced within six years* before the date of the filing of the petition[.] (emphasis added)

If a debtor previously received a chapter 7 discharge, that same debtor cannot receive a chapter 7 discharge in any case commenced within a six year period from the date the previous chapter 7 case was commenced.[2]

### Analysis

In calculating the six year time period from the commencement of the prior case (August 1, 1997) to the commencement of this present case (August 16, 2002), it is clear that less than six years have elapsed. The fact that the conversion to chapter 7 in this present case occurred more than six years after the commencement of the prior chapter 7 case is not legally relevant to the calculation of the six year period under 11 U.S.C. § 727(a)(8). The date of a subsequent conversion to a different chapter of the Bankruptcy Code does not change the date a case was *commenced.* See 11 U.S.C. §§ 301 and 348(a). It is not correct to calculate the applicable six year period from the date of a conversion of a case from one chapter to a different chapter of the Bankruptcy Code—whether the conversion occurred in the prior case or the current case—in determining the six year period under 11 U.S.C. § 727(a)(8). The applicable six year period is determined from the *commencement of the prior case to the commencement of this present case.*

The authorities agree the applicable Code sections [11 U.S.C. §§ 301, 348(a) and 727(a)(8)] compel this conclusion. *Riske v. Lyons (In re Lyons),* 162 B.R. 242 (Bankr.E.D.Mo.1993); *In re Burrell,* 148 B.R. 820 (Bankr.E.D.Va.1992); *Canganelli v. Lake Cty. Dep't of Public Welfare (In re Canganelli),* 132 B.R. 369 (Bankr.N.D.Ind. 1991); *Mulford v. Marshall (In re Marshall),* 74 B.R. 185 (Bankr.N.D.N.Y.1987); *In re Czikalia,* 2000 WL 33716969 (Bankr.D.Idaho Jan. 18, 2000); See also Norton Bankruptcy Law and Practice, Second Edition, Section 74:18 (1994, updated by March 2004 supplement).

This decision does not address any of the other concerns presented by the filing of this present case.

### Conclusion

Accordingly, the Debtors are **DENIED** a chapter 7 discharge. 11 U.S.C. § 727(a)(8). The Clerk shall give appropriate notice that this case is **DISMISSED.** 11 U.S.C. § 707(a).

**SO ORDERED.**

**ORDER ON DECISION DENYING DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(8) AND DISMISSING CASE**

In accordance with the simultaneously filed *Decision On Order Denying Discharge Pursuant to 11 U.S.C. § 727(a)(8) and Dismissing Case,* the Debtors are

---

§ 727(a)(8) or the related section concerning a prior chapter 13 discharge, 11 U.S.C. § 727(a)(9).

**2.** Under 11 U.S.C. § 727(a)(9), the same analysis applies to a prior chapter 13 discharge if the debtor did not either (A) pay 100 percent of the allowed unsecured claims or (B) seventy percent of such claims, the plan was proposed in good faith and was the debtor's best effort.

**DENIED** a chapter 7 discharge ·and this case is **DISMISSED**.

**SO ORDERED.**