**In re Patrick P. BANE, Debtor.**

**Cellco Partnership d/b/a Verizon Wireless, Plaintiff,**

v.

**Patrick P. Bane, Defendant.**

**Bankruptcy No. 09–21879–MBM.**
**Adversary No. 09–2368–MBM.**

United States Bankruptcy Court, W.D. Pennsylvania.

March 31, 2010.

---

1. All capitalized terms not defined in this Order shall have the meanings ascribed to them in the Opinion.

Matthew H. Matheney, for Cellco Partnership d/b/a Verizon Wireless.

Shannon M. Clougherty and Douglas A. Campbell, for Patrick P. Bane.

## MEMORANDUM OPINION

M. BRUCE McCULLOUGH,
Bankruptcy Judge.

Cellco Partnership d/b/a Verizon Wireless (hereafter "Verizon"), in Count 1 of its two-count complaint, has objected to the grant of a Chapter 7 discharge to Patrick P. Bane, the instant debtor (hereafter "the Debtor"), on various grounds.[1] Verizon now moves for summary judgment on its discharge objection, contending that it should prevail on each of its discharge objection grounds without the need for a trial. The Debtor, in turn, also moves at this time for summary judgment, contending as a basis therefor that Verizon lacks standing to pursue its discharge objection.

For the reasons that are set forth below, the Court (a) holds that Verizon lacks standing to pursue its discharge objection, (b) shall accordingly grant the Debtor's motion for summary judgment, and (c) shall consequently deny Verizon's motion for summary judgment with prejudice.

---

1. Verizon has previously stipulated to a dismissal with prejudice of its second count, wherein it sought a determination of dischargeability pursuant to 11 U.S.C. § 523(a)(6) with respect to what the Court concludes was a pre-petition derivative tort claim that it held against the Debtor.

## STATEMENT OF FACTS

The Debtor was the president, director, and sole shareholder of Comtel Communications, Inc. (hereafter "Comtel") from on or around November of 1991 until it ceased operations in 2008. Comtel filed a Chapter 7 bankruptcy petition on December 5, 2008. The parties agree that Verizon has a pre-petition claim against Comtel that is presumably contractual in nature. The parties also agree that the Debtor personally has not guaranteed any of Verizon's claim against Comtel.

The Debtor filed a Chapter 7 bankruptcy petition on March 18, 2009. The parties agree that, prior to March 18, 2009, Verizon did not have any claim against the Debtor other than, as Verizon maintains, one for an alleged breach of a fiduciary duty, which fiduciary duty Verizon maintains the Debtor, as the sole officer and director of Comtel, owed to each of Comtel's creditors for some period of time prior to Comtel's cessation of business operations. The basis for such fiduciary duty, Verizon argues, is that Comtel was insolvent during such period of time. Verizon alleges that the Debtor breached such fiduciary duty by making various transfers of Comtel's cash to both himself and to others so as to benefit himself at times when Comtel was insolvent.

Verizon is the only individual or entity that objects to the Debtor's Chapter 7 discharge, although (a) the total monetary amount of unsecured claims against the Debtor, as set forth in the Debtor's Bankruptcy Schedule F, exceeds $3,000,000, and (b) Verizon's breach of fiduciary duty claim, as the Court understands it, is set forth in such schedule at around $1,000,000.[2] Also, neither Comtel's Chapter 7 Trustee nor the Debtor's Chapter 7 Trustee has objected to the Debtor's Chapter 7 discharge. The last day to object to the Debtor's Chapter 7 discharge was June 26, 2009, and Verizon so objected on that very date. The Debtor's bankruptcy schedules reveal that (a) the Debtor presently has little in the way of assets, (b) the Debtor is currently unemployed while attempting to establish a new business, and (c) the Debtor's mother is currently assisting the Debtor in meeting his living expenses.

Verizon objects to the Debtor's Chapter 7 discharge pursuant to 11 U.S.C. § 727(a)(7) and contends, in particular, that the Debtor, within one year before March 18, 2009, committed various acts concerning Comtel that are specified in 11 U.S.C. § 727(a)(2)(A), (a)(3), and (a)(4). In particular, Verizon alleges that, within the aforesaid year, the Debtor (on Comtel's behalf) (a) transferred property of Comtel with the intent to hinder, delay, or defraud Verizon (an undisputed creditor of Comtel), (b) knowingly and fraudulently withheld or concealed from Comtel's Chapter 7 Trustee books, documents, records, and/or papers relating to Comtel's property or financial affairs, and (c) knowingly and fraudulently made false oaths regarding Comtel by failing to disclose information required to be set forth in Comtel's Statement of Financial Affairs.

Prior to when Comtel filed for bankruptcy on December 5, 2008, it possessed, and the Debtor was pursuing on its behalf, a lawsuit against Verizon. Comtel's Chapter 7 Trustee is now pursuing such lawsuit against Verizon on behalf of Comtel's bankruptcy estate. The Debtor is presently supporting such lawsuit against Verizon, and presumably intends to testify against Verizon during the course of trial on such action. Comtel's Bankruptcy Schedule B reveals that essentially there are not any assets in Comtel's bankruptcy

---

**2.** Such claim of Verizon is set forth as being disputed by the Debtor.

estate other than the lawsuit that Comtel's Chapter 7 Trustee is now pursuing against Verizon.[3] Comtel's Bankruptcy Schedule F reveals that the total monetary amount of unsecured claims against Comtel equals nearly $4,000,000.

## *DISCUSSION*

In order for Verizon to have standing in its own name to object to the Debtor's Chapter 7 discharge, Verizon must be a creditor of the Debtor. *See* 11 U.S.C.A. § 727(c)(1) (West 2010).

The Debtor contends that Verizon lacks standing to object to the Debtor's Chapter 7 discharge because, argues the Debtor, Verizon is not now a creditor of the Debtor, even if, perhaps in some derivative sense, Verizon was such a creditor at some earlier point in time. As support for his position, the Debtor contends that the breach of fiduciary duty claim against the Debtor that Verizon maintains that it possessed when the Debtor filed for bankruptcy is actually a claim that, prior to the point when Comtel filed for bankruptcy, Verizon could have only pursued on a derivative basis. Because such claim was, prior to such time, only a derivative claim, the Debtor contends that it, therefore, constituted at that time a claim that formally belonged to Comtel notwithstanding that, presuming *arguendo* the requisite insolvency of Comtel at that time, any of Comtel's creditors could have pursued such claim in the name, and on behalf, of Comtel. That such breach of fiduciary duty claim was derivative in nature from Verizon's standpoint, and that it thus formally belonged to Comtel, immediately prior to when Comtel filed for bankruptcy is significant, argues the Debtor, because, argues

the Debtor in turn, that means necessarily that Verizon, to the extent that it can be said to have possessed such claim derivatively, became divested of such claim in favor of Comtel's Chapter 7 Trustee at the moment when Comtel filed its Chapter 7 petition—i.e., on December 5, 2008. If the Debtor is correct with respect to the foregoing position, then, of course, Verizon was not a creditor of the Debtor when he subsequently filed his Chapter 7 petition on March 18, 2009.

Verizon, as one would expect, disagrees with the foregoing position of the Debtor. At the outset, the Court notes that it is unsure whether Verizon disputes the Debtor's assertion that Verizon's breach of fiduciary duty claim against the Debtor was, with respect to Verizon, derivative in nature immediately prior to when Comtel filed for bankruptcy. However, while the Court is unsure of Verizon's position with respect to the preceding issue, the Court is certain that Verizon maintains, in any event, that it did not become dispossessed of such breach of fiduciary duty claim in favor of Comtel's Chapter 7 Trustee when Comtel filed for bankruptcy. Indeed, Verizon boldly asserts that it actually continues to share standing with Comtel's Chapter 7 Trustee to prosecute such breach of fiduciary duty claim, which necessarily means that Verizon asserts that it presently retains such claim and, thus, (a) was a creditor of the Debtor when he subsequently filed his Chapter 7 petition on March 18, 2009, (b) is presently a creditor of the Debtor, and (c) is vested with standing to object to the Debtor's discharge. Verizon also argues that, even if (a) Comtel's Chapter 7 Trustee is the only one who presently has standing to prosecute such

3. Comtel's Bankruptcy Schedule B reveals that Comtel owned, in addition to the lawsuit against Verizon, three vehicles worth approximately $30,000. However, all three vehicles have, since the commencement of Comtel's bankruptcy case and subsequent to the grant of respective stay relief, been repossessed by secured creditors.

breach of fiduciary duty claim, and (b) Verizon thus lacks standing to so prosecute, Verizon nevertheless was a creditor of the Debtor on March 18, 2009, and remains so today, thereby vesting Verizon with standing to wage its discharge objection.

Verizon also maintains that, even if it lacks standing to object to the Debtor's Chapter 7 discharge, this Court may, and should act to, *sua sponte* deny such discharge, notwithstanding that the June 26, 2009 deadline to object to discharge has obviously long since passed.

## I. Whether Verizon has standing in its own name to object to the Debtor's Chapter 7 discharge?

As set forth above, the Court is uncertain whether Verizon disputes the Debtor's assertion that Verizon's breach of fiduciary duty claim was, with respect to Verizon, derivative in nature immediately prior to when Comtel filed for bankruptcy.

■■■ "Pennsylvania law recognizes a distinction between the corporation and its shareholders *and creditors* . . . . And it is that distinction which determines who has standing to prosecute a claim when it is the corporation which has suffered the harm." *In re Elcom Technologies Corp.*, 339 B.R. 354, 358 (Bankr.E.D.Pa.2006) (emphasis added).

The legal fiction of corporate existence corresponds with the view that an injury to the corporate body is legally distinct from an injury to another person. Thus, it is well established, under Pennsylvania law, that where fraud, mismanagement, or other wrong damages a corporation's assets, a shareholder does not have a direct cause of action. *Burdon v. Erskine*, 264 Pa.Super. 584, 401 A.2d 369, 370–71 (1979) (citation omitted). Rather, it is the corporate body that suffers the primary wrong and, con-

sequently, it is the corporate body that possesses the right to sue. *John L. Motley Assoc., Inc. v. Rumbaugh*, 104 B.R. 683, 686–87 (E.D.Pa.1989) (citations omitted) (describing Pennsylvania law). Thus, "an action to redress injuries to the corporation cannot be maintained by an individual shareholder, but must be brought as a derivative action in the name of the corporation." *Id.* (citations omitted) (describing Pennsylvania law).

*Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc.*, 267 F.3d 340, 348 (3rd. Cir.2001). Consequently, unless a shareholder alleges and then demonstrates that it has suffered an injury that is distinct from injuries that are suffered generally by shareholders, that is injuries that are distinct from an injury to corporate assets, an action against a corporate officer and/or director belongs only to the corporation in question, which action can thus only be pursued by a shareholder derivatively in the corporation's name. *See In re Blackrock Mutual Funds Fee Litigation*, 2006 WL 4683167 at *7 (W.D.Pa.2006).

Verizon argues—it would appear to the Court to be for two separate reasons—that the Third Circuit's foregoing statement of the law in *Lafferty* regarding derivative actions, that is who has standing to prosecute a claim when it is the corporation which has suffered the harm, is irrelevant to the instant matter.

First, Verizon maintains that, because the action at issue in *Lafferty* was one for the tort of deepening insolvency rather than one for the tort of breach of fiduciary duty, the Third Circuit's foregoing statement of the law regarding standing and derivative actions is inapposite to the instant matter which deals with Verizon's claim for breach of fiduciary duty. Unfortunately for Verizon, such is simply not the

case—even a cursory examination of the *Lafferty* decision reveals that the Third Circuit, when setting forth therein the foregoing statement of the law regarding standing and derivative actions, did not confine such legal statement to a particular type of claim that might be pursued against a corporation's officers and/or directors. Therefore, the Court finds that the foregoing discussion in *Lafferty* regarding standing and derivative actions applies with equal force in the instant matter to Verizon's claim for breach of fiduciary duty.

■ Second, Verizon appears to argue that, even if the foregoing discussion in *Lafferty* regarding standing and derivative actions applies with equal force to any type of claim that might be pursued against a corporation's officers and/or directors, it only so applies with respect to such actions that are sought to be brought by a shareholder of a corporation. Put differently, Verizon appears to contend that, even if a shareholder of a solvent corporation could only pursue a particular action against a corporation's management derivatively on behalf of such corporation, a creditor of the same corporation, were such corporation to be insolvent, could nevertheless pursue the same action directly against such corporate management, that is without the need to do so derivatively. Such position by Verizon directly conflicts with relevant Pennsylvania statutory authority, to wit 15 Pa.C.S.A. § 517, which provides that:

> The *duty* of the board of directors, committees of the board and individual directors under section 512 (relating to standard of care and justifiable reliance) is solely to the domestic corporation and may be enforced directly by the corporation or may be enforced by a shareholder or member, as such, by an action in the right of the corporation, and *may*

*not be enforced directly* by a shareholder, member or *by any other person or group*.

15 Pa.C.S.A. § 517 (Purdon's 2010) (emphasis added). Such contention by Verizon is also frankly preposterous given (a) that, after a corporation becomes insolvent, all a creditor really does is to step into the shoes of such corporation's shareholders (whose shares are then worthless) regarding rights respecting the value of such corporation, and (b) that were the law as Verizon appears to suggest, then a creditor of an insolvent corporation would have greater rights than would a shareholder of the same corporation when such corporation was solvent. Therefore, the Court holds, as a matter of law, that the foregoing discussion in *Lafferty* regarding standing and derivative actions applies to an action sought to be brought by a creditor of an insolvent corporation with no less force than it applies with respect to an action that is sought to be brought by a shareholder of a solvent corporation.

■ Applying the foregoing statement of the law regarding standing and derivative actions to Verizon's breach of fiduciary duty claim in the instant matter, such claim was, with respect to Verizon, derivative in nature immediately prior to when Comtel filed for bankruptcy—i.e., such claim then belonged only to Comtel—unless Verizon alleges and can then demonstrate that it has suffered an injury that is distinct from injuries that may have been suffered generally by the entire creditor body of Comtel after it became insolvent, that is injuries that are distinct from an injury to Comtel's corporate assets. Verizon asserts that it has pled and can prove a specific injury arising from the Debtor's alleged fiduciary duty breach, which assertion the Court takes to mean that Verizon has pled and can prove an injury that is distinct from an injury to Comtel's corpo-

rate assets. The only specific injury that Verizon contends that it has suffered as a result of the Debtor's alleged fiduciary duty breach, however, "is the profits lost by Comtel as a consequence of Bane's [ (i.e., the Debtor's) ] breach and the transfers to himself." *See* Verizon Br., Doc. No. 37, at p. 15. Unfortunately for Verizon, profits lost by Comtel cannot constitute anything other than an injury to Comtel's corporate assets, which means that Verizon has neither pled nor can it prove that it has suffered an injury that is distinct from an injury to Comtel's corporate assets. Therefore, the Court must hold that Verizon's breach of fiduciary duty claim was, with respect to Verizon, derivative in nature immediately prior to when Comtel filed for bankruptcy, that is such claim then belonged only to Comtel.

Because the Court holds that Verizon's breach of fiduciary duty claim was, with respect to Verizon, derivative in nature immediately prior to when Comtel filed for bankruptcy, that is such claim then actually belonged only to Comtel, Comtel's Chapter 7 Trustee automatically succeeded to sole ownership of such claim when Comtel filed for bankruptcy. *See Elcom Technologies Corp.*, 339 B.R. at 358 (citing *Lafferty*, 267 F.3d at 348) ("Nothing about bankruptcy changes this; the claims which would otherwise belong to the Debtor pass by succession to the Trustee *and no one else* "); *In re Folks*, 211 B.R. 378, 384–85 & 387 (9th Cir. BAP 1997) (citing *Pepper v. Litton*, 308 U.S. 295, 306–08, 60 S.Ct. 238, 245–46, 84 L.Ed. 281 (U.S.1939), to the effect that a claim for breach of fiduciary duty that can only be brought derivatively pre-petition by anyone other than a debtor corporation belongs to no one else other than a bankruptcy trustee upon commencement of such debtor corporation's bankruptcy case). Furthermore, after Comtel filed for bankruptcy, Comtel's Chapter 7 Trustee became the only individual or entity that could subsequently have pursued such claim, that is Comtel's Chapter 7 Trustee henceforth became the only individual or entity that would have had standing to pursue such claim. *See Folks*, 211 B.R. at 382–85 & 387–88. That being the case, even if Verizon can be said to have possessed such breach of fiduciary duty claim in a derivative sense on behalf of Comtel immediately prior to when Comtel filed for bankruptcy, such possession ceased automatically when Comtel filed for bankruptcy. Consequently, even if Verizon can be said to have been a creditor of the Debtor at such time by virtue of having derivatively possessed such breach of fiduciary duty claim, such creditor status of Verizon automatically ceased as well when Comtel filed for bankruptcy. *See Id.*

Verizon contends that the Third Circuit, in *Donaldson v. Bernstein*, 104 F.3d 547 (3rd Cir.1997), ruled that creditors of an insolvent corporation, after such corporation files for bankruptcy, share standing with such corporation's bankruptcy trustee to sue such corporation's officers and/or directors for breach of fiduciary duty. Unfortunately for Verizon, the Third Circuit did not so rule in *Donaldson*. A careful examination of the Third Circuit's decision in *Donaldson* reveals that the only standing issue that the Third Circuit was faced with therein was whether the bankruptcy trustee of the debtor corporation therein had standing to pursue a breach of fiduciary duty claim once the bankruptcy case of such debtor had been reopened. *See Id.* at 554. Therefore, the Third Circuit, which held in *Donaldson* that such trustee had such standing, *see Id.*, had no need to, and thus not surprisingly did not, address therein whether such trustee shared such standing with creditors of such debtor during the pendency of such debtor's ongoing bankruptcy case. Within the course of ruling on the

foregoing standing issue in *Donaldson*, the Third Circuit noted that (a) the defendants (and also appellants) therein (i.e., the officers and directors that were the subject of the fiduciary duty breach claim at issue therein) conceded that the creditor body of the debtor corporation therein possessed standing to pursue such fiduciary duty breach claim prior to the reopening of said debtor corporation's bankruptcy case, *see Id.*, and (b) the bankruptcy court in such bankruptcy case held likewise, *see Id.* at n. 2. Significantly, however, such defendants never conceded that, such bankruptcy court failed to hold that, and such bankruptcy court never even addressed whether, such creditors could have pursued such fiduciary duty breach claim subsequent to the reopening, and thus during the resulting pendency, of such debtor corporation's bankruptcy case. Furthermore, the foregoing acknowledgment by the Third Circuit in *Donaldson*, because it was no more than that, does not even constitute a ruling by the Third Circuit; moreover, even if it were to constitute a ruling, it would only be to the effect, as just set forth, that creditors may pursue fiduciary duty breach claims when a bankruptcy case *is not ongoing* with respect to the corporation that is their debtor, which ruling is certainly not helpful to Verizon's cause herein.

Consequently, and regardless of whether one views Verizon as having been a creditor of the Debtor immediately prior to when Comtel filed for bankruptcy on December 5, 2008 (by virtue of then having the right to bring a derivative action for breach of fiduciary duty on behalf of Comtel against the Debtor), Verizon was not a creditor of the Debtor after December 5, 2008—only Comtel's Chapter 7 Trustee was such a creditor thereafter by virtue of such breach of fiduciary duty claim. *See Folks*, 211 B.R. at 382–85 & 387–88. Therefore, Verizon was not a creditor of the Debtor when he subsequently filed his Chapter 7 petition on March 18, 2009, which means, of course, that Verizon lacks standing in its own name to object to the Debtor's Chapter 7 discharge.[4]

## II. Whether the Court will sua sponte deny the Debtor's Chapter 7 discharge?

■ Verizon, as set forth above, also contends that this Court may, and should act to, *sua sponte* deny the Debtor's Chapter 7 discharge, notwithstanding that the June 26, 2009 deadline to object to discharge has obviously long since passed.

The Court recognizes that case authority exists for the proposition that a bankruptcy court may *sua sponte* deny a debtor's Chapter 7 discharge, and even outside

---

4.  The Court recognizes that, by now ruling that Verizon lacks standing in its own name to object to the Debtor's Chapter 7 discharge, the Court is holding in a fashion that may be somewhat inconsistent with some of the things that the Court said at the March 4, 2010 hearing regarding the parties' summary judgment motions. However, the Court commented as it did during such hearing only because the Court, during such hearing, labored under the presumption that Verizon possesses some sort of a personal contractual claim against the Debtor in addition to the aforesaid breach of fiduciary duty claim. The Court did not learn that the foregoing pre-sumption on its part was mistaken—i.e., that Verizon does not hold any type of claim against the Debtor other than the aforesaid fiduciary duty breach claim—until subsequent to the formal closing of such hearing on March 4, 2010. in any event, may not do so outside of the time period within which others must object to such discharge. *See In re Canganelli*, 132 B.R. 369, 383–84 (Bankr. N.D.Ind.1991). The Court concludes, for several reasons, that even if it possesses the authority to so act *sua sponte*, it will not so act in the instant matter; therefore, the Court need not even resolve whether it actually possesses such authority.

of the time period within which others must object to such discharge. *See, e.g., In re Burrell,* 148 B.R. 820, 822–23 (Bankr. E.D.Va.1992). However, case authority also exists to the contrary, that is for the proposition that a bankruptcy court may not *sua sponte* deny a debtor's Chapter 7 discharge, and,

At the outset, the Court notes that, for those courts that act to *sua sponte* deny a discharge, and outside of the pertinent deadline to object to discharge, they do so (a) by virtue of exercising their discretionary power under 11 U.S.C. § 105(a), *see Burrell,* 148 B.R. at 822, (b) in response to rare, indeed exceptional, circumstances of, and so as to thereby prevent a further, abuse of the bankruptcy process, *see Id.* at 823, and/or (c) under the belief that, when there exists a ground for denial of a Chapter 7 discharge under one of the paragraphs set out in § 727(a), such denial is necessarily compelled, *see Id.*

With respect to the exercise of power under § 105(a), the Court finds that, absent the presence of truly exceptional circumstances of abuse of the bankruptcy process on the part of the Debtor, such an exercise of power would be improper in the instant matter given that not just some time, but rather nine (9) full months, has now passed since the expiration of the June 26, 2009 discharge objection deadline.

As for the existence of such truly exceptional circumstances, the Court simply finds them to be lacking in the instant matter—that some grounds may perhaps exist for the denial of the Debtor's Chapter 7 discharge (and the Court need not express a view as to that matter one way or the other) does not, by itself, constitute such exceptional circumstances. More particularly, the transfer(s) of Comtel property by the Debtor upon which Verizon predicates its discharge objection pursuant to § 727(a)(2)(A) (via § 727(a)(7)) oc-

curred prior to when Comtel filed for bankruptcy, which fact necessarily means that such transfer(s) could not even have implicated the bankruptcy process let alone have constituted an exceptional abuse thereof. As for the alleged omissions in Comtel's Statement of Financial Affairs, which omissions constitute the basis for Verizon's discharge objection pursuant to § 727(a)(4)(A) (via § 727(a)(7)), the Court, for several reasons, cannot find that the same constitute an exceptional abuse of the bankruptcy process. First, the Court finds that much of the information that is alleged to have been omitted is either immaterial or that its omission was rectified by the Debtor shortly after Comtel filed for bankruptcy, thereby making such omissions harmless rather than abusive. Second, with respect to the information that the Court might view as material and that was not disclosed in some other fashion, issues so abound regarding the necessity for disclosure of same and whether the Debtor had knowledge regarding such necessity that the Court must conclude that the omission of same, even if it were to ultimately constitute a valid ground for denial of discharge, nevertheless does not constitute an exceptional abuse of the bankruptcy process. Finally, because Comtel's Chapter 7 Trustee has, throughout the duration of Comtel's case, never even complained to the Court once that he could not obtain books and/or records of Comtel, the Court cannot find to be abusive, let alone exceptionally so, the Debtor's conduct which is alleged by Verizon to constitute a ground for discharge denial under § 727(a)(3) & (a)(4)(D) (via § 727(a)(7)).

■ Finally, the Court points out that case authority exists for the proposition that, even when there exists a ground for denial of a Chapter 7 discharge under one of the paragraphs set out in § 727(a), such

denial is not necessarily compelled. *See In re Tauber*, 349 B.R. 540, 546 (Bankr. N.D.Ind.2006) ("it is within the discretion of a bankruptcy court to grant a discharge even when grounds exist for the denial of a discharge"); *In re Hacker*, 90 B.R. 994, 997–98 (Bankr.W.D.Mo.1987) ("It is commonly said, however, that the existence of grounds for the denial of discharge, albeit a condition necessary to the actual denial of discharge, is not a sufficient condition [to warrant such denial]"). The Court agrees with such case authority because it is actually consistent with the language of § 727(a), which statutory provision literally (a) compels the grant of a Chapter 7 discharge if one of the paragraphs of § 727(a) does not apply, but (b) does not compel the denial of such discharge if one of such paragraphs does apply. Therefore, denial of the Debtor's Chapter 7 discharge is not compelled even if there exists one of the grounds for discharge denial set forth in § 727(a).

For the reasons just set forth, the Court holds that it will not act itself—i.e., *sua sponte*—to deny such discharge.

### III. Whether the Court will appoint Verizon as Comtel's estate representative so that Verizon may then object to the Debtor's discharge on Comtel's behalf?

■ As set forth above, Verizon lacks standing in its own name to object to the Debtor's Chapter 7 discharge. The Court so concluded, as set forth above, because the breach of fiduciary duty claim against the Debtor, upon which claim Verizon sought to predicate its standing to object to such discharge, has been owned by Comtel's Chapter 7 Trustee since before the Debtor filed for bankruptcy. That Verizon cannot pursue such discharge objection in its own name does not end the analysis, however, given that Comtel's Chapter 7 Trustee, by virtue of such fiduciary duty breach claim, is a creditor of the Debtor who is thereby vested with standing to pursue such discharge objection. At the March 4, 2010 hearing regarding the parties' summary judgment motions, the Court openly considered whether it should appoint Verizon as Comtel's estate representative so that Verizon could then object to the Debtor's discharge on behalf of the Comtel bankruptcy estate given that Comtel's Chapter 7 Trustee has not so objected.

After much consideration subsequent to the March 4, 2010 hearing the Court now concludes that it may not, in any event, so appoint Verizon. The Court so concludes because, before it could appoint Verizon as a representative of Comtel's bankruptcy estate, the Court would need to satisfy itself that Verizon does not possess an interest that is adverse to what is in the best interest of Comtel's other creditors. Verizon, of course, in a capacity as such estate representative, could also not act in furtherance of any such adverse interest. Unfortunately for Verizon, the Court readily detects such an adverse interest, which adverse interest consequently operates to disqualify Verizon from acting as Comtel's estate representative.

The adverse interest to which the Court refers is Verizon's obvious interest in quashing the lawsuit that Comtel has brought against Verizon, which lawsuit is presently being pursued by Comtel's Chapter 7 Trustee on behalf of Comtel's bankruptcy estate. Verizon's interest in quashing such lawsuit is adverse to what is in the best interest of the rest of Comtel's creditors because (a) Comtel's bankruptcy estate has no other assets save for such lawsuit against Verizon, (b) such lawsuit thus represents the best opportunity for Comtel's creditors, excepting obviously for Verizon, to recover something on their

claims,[5] and (c) what is in the best interest of the rest of Comtel's creditors, therefore, is for such lawsuit to be successful rather than for the same to be quashed.

Moreover, Verizon, by objecting to the Debtor's discharge, acts in a manner that, at least indirectly, operates to further its aforesaid adverse interest. The Court must so conclude because Verizon's objection to the Debtor's discharge, if it were to succeed such that his discharge were denied, would (a) operate to discourage the Debtor from cooperating with and providing assistance to Comtel's Chapter 7 Trustee in his efforts to obtain a judgment against Verizon, and (b) thereby serve to assist Verizon in quashing the lawsuit against itself.

For the foregoing reasons, the Court cannot appoint Verizon as Comtel's estate representative so that Verizon can then object to the Debtor's discharge on behalf of the Comtel bankruptcy estate.

### CONCLUSION

For all of the foregoing reasons, the Court (a) holds that Verizon lacks standing in its own name to object to the Debtor's Chapter 7 discharge, (b) declines to *sua sponte* deny such discharge, and (c) shall not appoint Verizon as Comtel's estate representative so that Verizon can then object to the Debtor's discharge on behalf of the Comtel bankruptcy estate. Therefore, the Court shall (a) grant the Debtor's motion for summary judgment, and (b) consequently deny Verizon's motion for summary judgment with prejudice.

### ORDER OF COURT

**AND NOW,** this **31st day** of **March, 2010,** for the reasons, and utilizing the nomenclature, set forth in the accompanying Memorandum Opinion of the same date; and subsequent to notice and a hearing on the matters that was held on March 4, 2010, it is **hereby ORDERED, ADJUDGED, AND DECREED** that:

(a) Verizon, the instant plaintiff, lacks standing in its own name to object to the Debtor's Chapter 7 discharge;

(b) the Court shall not *sua sponte* deny such discharge;

(c) Verizon shall not be appointed as Comtel's estate representative so that Verizon can then object to the Debtor's discharge on behalf of the Comtel bankruptcy estate;

(d) the Debtor's motion for summary judgment is accordingly **GRANTED;** and

(e) Verizon's motion for summary judgment is consequently **DENIED WITH PREJUDICE.**

---

**5.** The Court recognizes that the lawsuit against Verizon does not necessarily represent the only opportunity for Comtel's other creditors to recover something on their claims. Such is the case because one other potential avenue for recovery by Comtel's other creditors exists, namely if (a) the Debtor's discharge is denied, (b) the breach of fiduciary duty claim against the Debtor is then resurrected, (c) such breach of fiduciary duty claim then proves to be successful against the Debt-

or, and (d) the Debtor then has the ability to satisfy any judgment obtained against himself. However, the Court concludes that such avenue for recovery is not nearly as worthwhile to such creditors, particularly given that the Debtor presently lacks the financial wherewithal to satisfy any judgment that would be obtained against himself, whereas Verizon would be much more able, and thus much more likely, to satisfy a judgment against itself.